UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>JEREMY WAVER | No. 3:17-cr-239 (SRU) |

### ORDER ON MOTION TO RECONSIDER

The motion to reconsider is denied. The Second Circuit in *United States v. Fernandez*, 2025 WL 2433528 (2d Cir. Aug. 25, 2025), did not address the question whether a magistrate judge can conduct a detention hearing pursuant to 18 U.S.C. § 3143(a)(1) or whether such hearings must be conducted by a district judge. Section 3143(a)(1) repeatedly uses the words "judicial officer" rather than "district judge" when describing the hearing to be conducted and the standard to guide the detention decision. The term "judicial officer" includes a magistrate judge. *See* 18 U.S.C. §§ 3041, 3156. Moreover, 28 U.S.C. § 636(a)(1) provides that "[e]ach United States magistrate judge . . . shall have . . . (1) all powers and duties conferred or imposed . . . by the Rules of Criminal Procedure for the United States District Courts." Federal Rule of Criminal Procedure 32.1 provides that a "magistrate judge may release or detain the [defendant] under 18 U.S.C. § 3143(a)(1) pending further proceedings." The Second Circuit has held that detention hearings are statutorily authorized pending supervised release revocation hearings. *Fernandez*, 2025 WL 2433528, at *6. I am required to follow that decision, but I am not required by law to conduct the detention hearing. Rather, a magistrate judge is authorized to do so.

It is so ordered.

Dated at Bridgeport, Connecticut, this 12th of September 2025.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge